UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JARRET M. CANTRELLE | CIVIL ACTION |
| VERSUS | NO. 26-309 |
| THIBODAUX POLICE DEP'T, ET AL. | SECTION "I" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Jarret M. Cantrelle's § 1983 complaint was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Having considered the record, including plaintiff's complaint, § 1983 fact response, and the applicable law, the undersigned enters the following findings and recommendations.

## I. FACTUAL ALLEGATIONS

### A. Complaint (ECF No. 4)

While a pretrial detainee at Lafourche Parish Correctional Complex, Plaintiff Cantrelle filed this *pro se* complaint *in forma pauperis* pursuant 42 U.S.C. § 1983. He named Thibodaux Police Department, Chief Bryan Zeringue, Sgt. Dariontae Gasery, Sgt. Jason Slosarek, Simeon Leon, Sgt. Beau Prejean, Commander T.J. Crochet, Jonathan Fryer, Leonard Firmin, John Lirette, Michael Labit, Charlie Newton, Julian Warden, Oliver Holmes, Alex Duplantis, Jacob Hoffpauir, Shane Savant, Jeff Chamberlin, Vincent Disrefano, Jacob Thibodaux, Karissa Waguespeck, Bradley Trosclair, Jared Rich, Derek Guidry, Jeremy Gaudet, Jory Guidry, Kirk Foret, Devin Leboeuf, Drake Duet, and Kate Foret as defendants. ECF No. 4 at 1; ECF No. 4-1 at 7-8.

Broadly construing his complaint, Cantrelle alleges that, on March 18, 2025, the Thibodaux Police Department responded to a domestic complaint at his residence, 200 Coulon Road in

Thibodaux, Louisiana. ECF No. 4 at 5. He states that, without officers attempting to coordinate any negotiations or means of friendly surrender, Sgts. Gasery, Slosarek, and Leon launched multiple cannisters of CS gas into the vents of his attic as well as multiple rounds of impact munitions. *Id*. at 5-6. Cantrelle alleges he was instructed to exit the attic backwards, and while on the second to last step of the ladder, Sgt. Prejean tackled him, resulting in injuries to his back, neck, shoulder, and his head. ECF No. 4-1 at 4.

Cantrelle alleges the Thibodaux Police Chief Bryan Zeringue failed to properly train offers in how to handle standoff situations and failed to supervise the scene. ECF No. 4 at 5. Cantrelle claims that, as a result of the officers' use of excessive force, he suffered injuries to his head, neck, back, shoulder, and also sustained injuries from the chemical exposure to CS gas (i.e., blurry vision, trouble breathing, and irregular heartbeat). ECF No. 4-1 at 5. As relief, Cantrelle seeks monetary damages for his injuries and mental anguish. ECF No. 4, ¶V, at 9.

### B. Reply to the Court's § 1983 Response Order (ECF No. 8)

On March 10, 2026, I issued an order for Cantrelle to provide a written statement advising the Court whether he is presently incarcerated based on a conviction including, among other things, a list of all charges placed against him as a result of the incidents on March 18, 2025, and their disposition. ECF No. 7. In his response, Cantrelle states he was charged with two counts of theft, one count of interfering with emergency communication, and one count of domestic abuse battery by strangulation, all of which he pled guilty to and was sentenced to two years with the Louisiana Department of Corrections on March 16, 2026. ECF No. 8 at 1.

## II. LEGAL STANDARD

### A. Statutorily Required Screening

As soon as practicable after docketing, the court must review a prisoner's § 1983 complaint for a cognizable claim, or dismiss the complaint if it is frivolous and/or fails to state a claim.[1] A claim is frivolous if it "lacks an arguable basis in law or fact."[2] A claim lacks an arguable basis in law if it is "based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."[3] A factually frivolous claim alleges only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible . . . ."[4] A court may not dismiss a claim simply because the facts are "unlikely."[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6] The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7] The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A claim for relief is implausible on its face when "the well-

---

[1] 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B); *Martin*, 156 F.3d at 579-80.
[2] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327).
[3] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[4] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).
[5] *Id.*
[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

> pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

When evaluating a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.[9] Thus, the court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. P. 12(b)(6), *Neitzke*, 490 U.S. at 319, held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11] If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and § 1915(e).[12] "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

## III. LAW AND ANALYSIS

### A. Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

---

[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 544).

[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[11] *Moore*, 976 F.2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).

[12] *Id.*

[13] *Id.*

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[14]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[15]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law;
(2) that occurred under color of state law; and
(3) was caused by a state actor.[16]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[17] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[18] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[19]

### B. ***Heck* Doctrine**

A claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a plaintiff's present confinement.[20] Thus. a plaintiff in a civil rights action under § 1983 may not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render

[14] 42 U.S.C. § 1983.
[15] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[16] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[17] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[18] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984).
[20] *Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994).

a conviction or sentence invalid," unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[21] The *Heck* doctrine applies to civil actions for both monetary and injunctive or other relief.[22]

On March 16, 2026, Cantrelle pled guilty to two counts of theft, one count of interfering with emergency communication, and one count of domestic abuse battery by strangulation. As Cantrelle has neither a conviction for resisting arrest that arose from the alleged incident nor pending charges that would make his claims premature, Cantrelle's asserted excessive force claims are not premature or prohibited.[23] Accordingly, Cantrelle's claims against the defendants are not barred under *Heck*.

### C. <u>Improper Defendant</u>

Cantrelle named the Thibodaux Police Department as a defendant. In Louisiana, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action."[24] The same is true of a city police department, which "is merely a department . . . and not a proper party defendant" in a § 1983 action.[25] The State of Louisiana grants no such legal status to any law

---

[21] *Id.* at 486-87 (internal footnote omitted).
[22] *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).
[23] *See Lee v. Ard*, 785 F. App'x 247, 248 (5th Cir. 2019) (excessive force claim is not barred by *Heck* "if it is 'temporally and conceptually distinct'" from the incidents leading to the criminal conviction); *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) (holding that plaintiff's excessive force claims were not barred by *Heck* because the conduct giving rise to the excessive force claims occurred after the conduct giving rise to her criminal charges ceased); *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006) (holding that a plaintiff's excessive force claim was conceptually distinct from his simple assault conviction and could easily coexist without calling into question any aspect of that conviction).
[24] *Francis v. Terrebonne Parish Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir. 2002)).
[25] *Causey v. Par. of Tangipahoa*, 167 F. Supp. 2d 898, 909 (E.D. La. 2001) (citing *Norwood v. City of Hammond*, No. 99-879, 1999 WL 777713, at *2 (E.D. La. Sep. 30, 1999)).

enforcement office or department.[26] Similarly, under federal law, Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability.[27]

Given that the Thibodaux Police Department is not a person or suable entity to be held liable under § 1983, Cantrelle's claims against it must be dismissed pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

### D. <u>Failure to State a Claim</u>

#### 1. No Specified Claims

Cantrelle named Thibodaux Police Department officers Commander T.J. Crochet, Jonathan Fryer, Leonard Firmin, John Lirette, Michael Labit, Charlie Newton, Julian Warden, Oliver Holmes, Alex Duplantis, Jacob Hoffpauir, Shane Savant, Jeff Chamberlin, Vincent Disrefano, Jacob Thibodaux, Karissa Waguespeck, Bradley Trosclair, Jared Rich, Derek Guidry, Jeremy Gaudet, Jory Guidry, Kirk Foret, Devin Leboeuf, Drake Duet, and Kate Foret as defendants. Although listed in his complaint, Cantrelle does not assert any factual allegations or specific claims against these defendants.

A plaintiff suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation.[28] "Personal involvement is an essential element of a civil rights cause of action."[29] When a plaintiff merely lists a defendant in a complaint but makes no factual allegations against it, he has failed to state a claim against that defendant.[30]

---

[26] *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236, 238-39 (La. App. 3d Cir. 1977).

[27] *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (city police department office); *Causey*, 167 F. Supp. 2d at 909 (city police department); *Melancon v. New Orleans Police Dept.*, No. 08-5005, 2009 WL 249741, at *2 (E.D. La. Jan. 30, 2009) (Order adopting Report and Recommendation) (citing *Montoya v. Taylor*, 44 F.3d 1005 n.1 (5th Cir. 1995)) (city police department).

[28] *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).

[29] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

[30] *See Tuley v. Heyd*, 482 F.2d 590, 594 (5th Cir. 1973) (noting that the mere inclusion of names and notations of office in the caption does not suffice to state a claim); *Guillotte v. Lafourche Parish*, No. 21-1400, 2022 WL 775339, at *4 (E.D. La. Feb. 11, 2022) ("Merely listing a defendant in a complaint without asserting any factual allegations

Therefore, Cantrelle's § 1983 claims as stated against defendants Commander T.J. Crochet, Jonathan Fryer, Leonard Firmin, John Lirette, Michael Labit, Charlie Newton, Julian Warden, Oliver Holmes, Alex Duplantis, Jacob Hoffpauir, Shane Savant, Jeff Chamberlin, Vincent Disrefano, Jacob Thibodaux, Karissa Waguespeck, Bradley Trosclair, Jared Rich, Derek Guidry, Jeremy Gaudet, Jory Guidry, Kirk Foret, Devin Leboeuf, Drake Duet, and Kate Foret should be dismissed for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A but with leave to amend

**2. Thibodaux Police Chief Bryan Zeringue**

Cantrelle also named Thibodaux Police Chief Bryan Zeringue as a defendant. Construed broadly, Cantrelle seeks to assert a claim against Chief Zeringue for failure to train and supervise the officers involved in the alleged incidents that took place during his arrest. Cantrelle does not clearly indicate whether he seeks to name Chief Zeringue in his individual or official capacity.

Because supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability under §1983,[31] Cantrelle must allege that Chief Zeringue was personally involved in the alleged misconduct. Otherwise, to impose §1983 liability on an official not personally involved in the alleged misconduct, the official must have implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[32] Therefore, for a plaintiff to allege liability on the part of supervisory officials, he must adequately plead facts to establish either that (1) the official "participated in acts

---

necessary to connect that defendant to a specific claim does not suffice for pleading purposes under Fed. R. Civ. Proc. 8."), *adopted*, 2022 WL 742473 (E.D. La. Mar. 11, 2022).

[31] *Leal v. Wiles*, 734 F. App'x 905, 907 (5th Cir. 2018) (citing *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001)).

[32] *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (internal quotation marks omitted).

that caused constitutional deprivation" or (2) "implemented unconstitutional policies causally related to his injuries."[33]

**a. Individual Capacity**

As stated above, a plaintiff suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation.[34] "Personal involvement is an essential element of a civil rights cause of action."[35] Cantrelle does not allege any personal involvement by Chief Zeringue in the events that took place during his arrest on March 18, 2025.

**b. Official Capacity**

Official capacity suits are viewed as "another way of pleading an action against an entity of which an officer is an agent."[36] Because police chiefs are responsible for and the final policymakers with respect to department management, Chief Zeringue in his official capacity would qualify as a "policymaker" for purposes of § 1983 liability. To hold a governmental entity liable based on an official-capacity claim in a § 1983 lawsuit, the federal violation at issue must have resulted from a "policy or custom" of that governmental entity.[37]

Courts define an official policy as:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [government entity] or by an official to whom the [entity] ha[s] delegated policy-making authority; or
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [the entity's] policy. Actual or constructive knowledge of such custom must be attributable to the [entity]

[33] *Damond v. City of Rayville*, 127 F.4th 935, 938 (5th Cir. 2025) (citing *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017)).
[34] *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).
[35] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).
[36] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).
[37] *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

> or to an official to whom that body ha[s] delegated policy-making authority.[38] Proof of a custom or practice requires more than a showing of isolated acts.[39]

A municipality is liable under § 1983 "only where it 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,' or where 'constitutional deprivations [occurred] pursuant to governmental "custom" even though such a custom has not received formal approval through the body's official decision making channels.'"[40]

"Liability for failure to promulgate policy and failure to train or supervise both require that the defendant have acted with deliberate indifference."[41] And a plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity."[42] Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights.[43]

To state a § 1983 supervisory liability claim for failure to train, a plaintiff must allege that the supervisor failed to train/supervise the officers involved, a causal connection between the alleged failure to supervise/train and the alleged constitutional violation, and the failure to train/supervise constituted deliberate indifference to plaintiff's constitutional rights.[44] A plaintiff asserting an "inadequate training" claim must allege with specificity how a particular training

---

[38] *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam); *see also Belcher v. Lopinto*, 492 F. Supp. 3d 636, 652-53 (E.D. La. 2020) (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).
[39] *Leal*, 734 F. App'x at 908 (citing *Burge*, 336 F.3d at 370).
[40] *Collins v. City of Harker Heights*, 916 F.2d 284, 286 (5th Cir. 1990) (alteration in original) (quoting *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 690-91 (1978)).
[41] *Johnson v. Gusman,* No. 18-11900, 2020 WL 307662, *7 (E.D. La. June 10, 2029) (citing *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011)).
[42] *Colle v. Brazos County, Tex*., 981 F.2d 237, 245 (5th Cir. 1993); *see also Wetzel v. Penzato*, No. 09–7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009).
[43] *See, e.g*., *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003); *Wetzel*, 2009 WL 5125465, at *3.
[44] *Id.* (citing *Cozzo v. Tangipahoa Par. Council–President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002) (quoting *Thompson*, 245 F.3d at 459)).

program is defective.[45] And the "deliberate indifference" prong generally requires "a plaintiff to demonstrate 'at least a pattern of similar violations' arising from training [or supervision] that is so clearly inadequate as to be 'obviously likely to result in a constitutional violation.'"[46]

Similarly, to state a supervisory liability claim under § 1983 for failure to train, a plaintiff must plead that there was a policy at the police department, promulgated or implemented by the policy making official, of deliberate indifference to the risk of inadequate training and that this policy caused his injury.[47]

In this case, Cantrelle fails to identify any policy or allege any facts to suggest that his injuries during his arrest were due to an identified policy. Rather, Cantrelle appears to rely on an inference that an inadequate policy existed based on nothing other than the fact that harm resulted to him, which is insufficient to support a plausible claim for supervisory liability.[48]

Even with the broadest reading of the *pro se* complaint, Cantrelle has failed to identify any policy or custom related to training in violation of his constitutional rights as necessary to state a claim against Chief Zeringue in his official capacity. For these reasons, Cantrelle's § 1983 claims as stated against Chief Bryan Zeringue, whether in his individual or official capacity, should be dismissed for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A but with leave to amend.

**E. <u>Excessive Force</u>**

Broadly construing the complaint, Cantrelle brings claims of excessive force against Sgts. Gasery, Slosarek, and Leon for launching multiple cannisters of CS gas into the vents of his attic

[45] *Id*. (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010) (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005))).
[46] *Id*. (citing *Burge*, 336 F.3d at 370 (quoting *Thompson*, 245 F.3d at 459)).
[47] *Payton v. CEO, Corrections Corp. of America*, 2015 WL 52104, at *3 (W.D. La. Jan. 2, 2015).
[48] *See Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

as well as multiple rounds of impact munitions without any attempt to negotiate his surrender. Further, Cantrelle brings a claim of excessive force against Sgt. Prejean for tackling him as he was descending the ladder from his home. As a result, Cantrelle claims he suffered injuries to his back, neck, shoulder, and his head, including a concussion from his head striking either the wall or the ladder. Cantrelle further claims he sustained injuries from the chemical exposure to CS gas such as blurry vision, trouble breathing, and irregular heartbeat.

Claims of excessive force "in the course of an arrest" are analyzed under the Fourth Amendment.[49] The substantive due process component of the Fourteenth Amendment applies to excessive force alleged to have occurred after all incidents of arrest are complete.[50] When alleged incidents of excessive force are based on events prior to booking the arrestee into a jail, they are covered by the Fourth, rather than Fourteenth Amendment.[51]

To state a Fourth Amendment excessive force claim, a plaintiff must allege that he suffered "(1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable."[52] The test for reasonableness for the use of force is "not capable of precise definition or mechanical application."[53] In the context of excessive force in effecting an arrest, the Supreme Court has identified the following considerations to take into account: "(1) the severity of the crime at issue,

---

[49] *Tyson v. Sabine*, 42 F.4th 508, 515 (5th Cir. 2022).
[50] *Valencia v. Wiggins*, 981 F.2d 1440, 1449 (5th Cir. 1993); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 397-398 (2015) (Due Process clause protects pretrial detainees from use of excessive force that amounts to punishment).
[51] *See McFarland v. Lee Co. Adult Detention Ctr.*, No. 20CV64, 2023 WL 2576398, at *3 (N.D. Miss. Mar. 20, 2023) (excessive force claim based on events occurring before plaintiff was booked into jail not cognizable under the Fourteenth Amendment, "as the plaintiff was not a pretrial detainee.") (citing *Brothers v. Klevenhagen*, 28 F.3d 452, 457 (5th Cir. 1994); *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998)).
[52] *Buchanan v. Gulfport Police Dep't*, 530 F. App'x 307, 312 (5th Cir. 2013) (quoting *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996)).
[53] *Poole v. City of Shreveport*, 691 F.3d 624, 627-28 (5th Cir. 2012) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

(2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight."[54]

Furthermore, a claim for excessive force is actionable only if the plaintiff demonstrates an injury resulting directly and only from the application of force. Although the plaintiff is not required to show a "significant injury," he is required to show that he has suffered "'at least some form of injury.' The injury must be more than a *de minimis* injury and must be evaluated in the context in which the force was deployed."[55] However, while "a *de minimis* injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is directly related to the amount of force that is constitutionally permissible under the circumstances."[56] Thus, "[a]ny force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only."[57] "[A]s long as a plaintiff has suffered 'some injury,' even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force."[58]

Considering Cantrelle's complaint and response, he has at least provided sufficient facts to state a non-frivolous claim of excessive force under the factors listed above.[59] He sustained significant injuries that he attributes directly to the use of CS gas by officers and being tackled while descending a ladder during his arrest. Accepting his assertions as true, Cantrelle's excessive

---

[54] *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).
[55] *Lincoln v. Turner*, 874 F.3d 833, 846 (5th Cir. 2017) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001)).
[56] *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017).
[57] *Id*. (citation and quotation marks omitted).
[58] *Id*. (quoting *Ikerd v. Blair*, 101 F.3d 430, 434-35 (5th Cir. 1996)).
[59] *See Young v. Akal*, 985 F.Supp.2d 785, 800 (W.D. La. 2013) (finding that use of an unreasonable amount of tear gas by officers stated a claim for excessive force); *Mirelez v. Llano Co. Tex*., No. 23-1117, 2024 WL 5682011, at *6 (W.D. Tex. Sept. 23, 2024) (officers use of force at arrest was warranted when officers spent close to an hour negotiating peaceful surrender prior to the use of force); *Howell v. Mun. of Anchorage*, 646 F.Supp.3d 1047, 1075 (D. Alaska 2022) (finding that deploying tear gas into a residence, including the crawl space, when plaintiff did not pose any immediate threat to officers stated a valid claim for excessive force).

force claims against defendants Sgts. Gasery, Leon, Slosarek, and Prejean during his arrest on March 18, 2025, should be allowed to proceed forward for further proceedings.

**F. Availability of Amendment**

Claims filed by a *pro se* litigant that fail to state grounds upon which relief can be granted should generally be dismissed without prejudice, unless the plaintiff has been given adequate opportunity to cure the deficiencies or if the pleadings demonstrate the plaintiff has pleaded his best case:[60]

> Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action.[61]

Unless it is clear that a plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[62]

When, however, the "complaint alleges the plaintiff's best case," a further factual statement from the plaintiff need not be allowed.[63] Further, the district court may deny leave to amend "if allowing an amendment would be futile."[64] An amendment is futile if it would not survive a Rule

---

[60] *James v. Smith*, 152 F.4th 594, 610 (5th Cir. 2025) (citing *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (per curiam) (citations omitted)); *Ricks v. Khan,* 135 F.4th 296, 300 (5th Cir. 2025).

[61] *Neitzke*, 490 U.S. at 329-30.

[62] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co*., 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020).

[63] *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (citation omitted).

[64] *See Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2004)); *Rivera-Colon v. Parish of St. Bernard*, 516 F. Supp. 3d 583, 591 (E.D. La. 2021) (citing *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010)).

12(b)(6) motion.[65] Similarly, frivolous claims are generally dismissed with prejudice and without leave to amend because the plaintiff cannot cure the frivolity.[66]

Because Cantrelle has not been apprised of the insufficiencies in the Complaint,[67] he should be allowed to amend his claims against defendants Chief Bryan Zeringue, Commander T.J. Crochet, Jonathan Fryer, Leonard Firmin, John Lirette, Michael Labit, Charlie Newton, Julian Warden, Oliver Holmes, Alex Duplantis, Jacob Hoffpauir, Shane Savant, Jeff Chamberlin, Vincent Disrefano, Jacob Thibodaux, Karissa Waguespeck, Bradley Trosclair, Jared Rich, Derek Guidry, Jeremy Gaudet, Jory Guidry, Kirk Foret, Devin Leboeuf, Drake Duet, and Kate Foret identifying specific claims and factual support as necessary to state a claim under §1983.

## IV. RECOMMENDATION

For the foregoing reasons,

It is **RECOMMENDED** that Plaintiff Cantrelle's § 1983 claims against Thibodaux Police Department, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), and § 1915A(b).

It is **FURTHER RECOMMENDED** that Cantrelle's claims against Chief Bryan Zeringue, Commander T.J. Crochet, Jonathan Fryer, Leonard Firmin, John Lirette, Michael Labit, Charlie Newton, Julian Warden, Oliver Holmes, Alex Duplantis, Jacob Hoffpauir, Shane Savant, Jeff Chamberlin, Vincent Disrefano, Jacob Thibodaux, Karissa Waguespeck, Bradley Trosclair, Jared Rich, Derek Guidry, Jeremy Gaudet, Jory Guidry, Kirk Foret, Devin Leboeuf, Drake Duet,

[65] *Marucci Sports*, 751 F.3d at 378 (citation omitted); *see also Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. Am. Co*., 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dall. Indep. Sch. Dist*., 28 F.3d 521, 524 (5th Cir.1994)).
[66] *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc).
[67] *Wiggins v. Louisiana St. Univ.-Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citing *Dark v. Potter*, 293 F. App'x 254, 257 (5th Cir. 2008)).

and Kate Foret be **DISMISSED WITH PREJUDICE** as failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and § 1915A(b), but with leave to amend.

It is **FURTHER RECOMMENDED** that Cantrelle be given 21 days within which to file an amended complaint identifying specific claims and facts supporting same against Chief Bryan Zeringue, Commander T.J. Crochet, Jonathan Fryer, Leonard Firmin, John Lirette, Michael Labit, Charlie Newton, Julian Warden, Oliver Holmes, Alex Duplantis, Jacob Hoffpauir, Shane Savant, Jeff Chamberlin, Vincent Disrefano, Jacob Thibodaux, Karissa Waguespeck, Bradley Trosclair, Jared Rich, Derek Guidry, Jeremy Gaudet, Jory Guidry, Kirk Foret, Devin Leboeuf, Drake Duet, and Kate Foret. Failure to do so should result in the **DISMISSAL WITH PREJUDICE** of Plaintiff's claims against those Defendants.

It is **FURTHER RECOMMENDED** that the excessive force claims against Sgt. Dariontae Gasery, Sgt. Jason Slosarek, Simeon Leon, Sgt. Beau Prejean, on March 18, 2025, be allowed to proceed and remain referred to the undersigned for further pretrial proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[68]

New Orleans, Louisiana, this 17th day of August, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

[68] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.